### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| **JEROME ELLIS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL NO. 7:12-CV-0085 -HL-TQL** |
| **VS.** | : | |
| | : | |
| Warden **WILLIAM DANFORTH, et. al.,** | : | |
| | : | |
| **Defendants.** | : | |

### ORDER & RECOMMENDATION

Plaintiff **JEROME ELLIS**, an inmate currently confined in Valdosta State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983 and is proceeding *in forma pauperis*. As previously ordered, Plaintiff is obligated to pay the full $ 350.00 filing fee using the payment method set forth in 28 U.S.C.§ 1915(b) and explained herein.

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is also required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). Having now done so, the undersigned finds that Plaintiff's allegations may support a claim for relief against Defendants Moody, Seleska, Stephenson, Fields, and Morris under 42 U.S.C. § 1983. It is **RECOMMENDED**, however, that all other claims and Defendants be **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915A(b)(1).

### STANDARD OF REVIEW

When conducting a preliminary review under § 1915A, the district court must accept all factual allegations in the Complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir.

2004).  Pro se pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed. <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nonetheless, a district court is still required dismiss a prisoner complaint after the initial review if the complaint (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief.@28 U.S.C. §1915A(b); <u>see</u> <u>also</u> 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007).  The "factual allegations must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." <u>Id.</u>  In other words, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. <u>Id.</u>  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. <u>See</u> <u>Chappell v. Rich</u>, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a ▪ 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); <u>see</u> <u>also</u> 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in ▪ 1915A Ashall@be dismissed).

## STATEMENT AND ANALYSIS OF CLAIMS

The present action arises out of the medical treatment provided to Plaintiff at Valdosta State

Prison.  Plaintiff alleges that Defendants Dr. Moody, N.P. Seleska, Nurse Stephenson, and Nurse Supervisor B. Fields were "deliberately indifferent" to his medical needs when they denied (and conspired to deny) him needed medication in retaliation for a prior lawsuit Plaintiff filed.  Plaintiff alleges that Dr. Moody stopped providing him with his medications for chronic constipation and pain, unnecessarily delayed nine months in treating his heart condition, allowed him to overdose on medication twice, and gave him medication which caused his blood pressure to rise from "125/75 to 190/110."   Defendant Seleska allegedly assisted Dr. Moody in administering the harmful medication, refused to honor Plaintiff's sick call requests, and falsely claimed that Plaintiff had been given medication he was not.  Defendants Stephenson and Fields are similarly alleged to have prevented Plaintiff from receiving his chronic care medication, and Stephenson, according to Plaintiff, even threatened Plaintiff's life during a pill call.

Under what appears to be a separate claim of retaliation, Plaintiff also alleges that Unit Manager Morris subjected him to unwarranted disciplinary action in retaliation for an informal grievance Plaintiff filed against "high ranking state officials."  According to Plaintiff, Defendant Morris conspired with a corrections officer, Defendant Officer Johnson, to file a false disciplinary report against Plaintiff and to then hold him in a "hide away cage" for eight hours in extreme heat without food or water.  Plaintiff alleges that this detention was so harsh, he ultimately passed out from the heat exposure.  Later, Plaintiff was provided a hearing on the disciplinary report, was found guilty of the alleged infraction, and was sent to isolation for fourteen days.

A.  Defendants Danforth, Mane, Page, Jones, and "Mental Health Treatment Team"

In the caption of his Complaint, Plaintiff names Warden Danforth, Captain Mane, Sgt. Page, P.A. Jones, and the "Mental Health Treatment Team" as Defendants in this action.  Plaintiff, however, makes no allegations against these parties in the body of his Complaint. (See Recast Compl. at 5-8 [ECF No. 12]).

It is well settled that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect

3

the defendant with the alleged constitutional violations. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  It is accordingly **RECOMMENDED** that Defendants Warden Danforth, Captain Mane, Sgt. Page, P.A. Jones, and the "Mental Health Treatment Team" be **DISMISSED** for this reason. See id.

B.      Denial of Medical Care Claims against Defendants Moody, Seleska, Stephenson, and Fields

In his Complaint, Plaintiff presumably attempts to state an Eighth Amendment claim against Defendants Moody, Seleska, Stephenson, and Fields for denial of medical care, as he repeatedly alleges that these Defendants were "deliberately indifferent" to his medical needs.  To state an Eighth Amendment claim for inadequate medical care, a plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A plaintiff must therefore allege facts demonstrating (1) that he has an objectively serious medical need which poses a substantial risk of serious harm if left unattended; and (2) that a defendant was "deliberately indifferent" to that need. Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000).  A prison official is deliberately indifferent to an inmate's needs if he had subjective knowledge of a risk of serious harm to the plaintiff and disregarded that risk. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005).

Here, Plaintiff allegedly suffers from "chronic constipation," "chronic pain" and a heart condition.  The Complaint alleges that Defendants, despite their knowledge of Plaintiff's medical conditions, discontinued or interfered with his access to needed medication.  Plaintiff claims that Defendants have denied him fiber laxatives, anacids, "Nuerotin" (a medication used in the treatment of seizures and nerve pain), and his mental health medication.  He also alleges that Defendants refused to accept his sick calls, unnecessarily delayed nine months in treating his heart condition (resulting in him needing "emergency" surgery), allowed him to overdose on medication twice, and intentionally gave him medication to cause his blood pressure to rise from "125/75 to 190/110."

4

Without any information to the contrary (and only for the purpose of this preliminary review), the undersigned will assume that Plaintiff's chronic constipation and chronic pain can be shown to be "serious medical needs." See e.g., Foster v. Enenmoh, 420 F. App'x 718, 720 (9th Cir. 2011) (prisoner stated claim when he alleged that defendant denied him laxatives); Whitt v. Wigington, 2011 WL 1576707, at *5 (N.D. Ga. April 26, 2011) (accepting that chronic pain may qualify as serious medical need). Plaintiff's heart condition may, of course, also be considered a "serious medical need." To this extent, Plaintiff's allegations – that Defendants were subjectively aware of these conditions and nonetheless denied him needed medication or unnecessarily delayed treatment – may support deliberate indifference claims against these Defendants. See Taylor, 221 F.3d at 1257. The undersigned will accordingly allow these claims to go forward for further factual development.

However, Plaintiff should not be able to proceed with any claim arising out of an alleged denial of "Nitro" medication by a "Medical Contractor." In his Complaint, Plaintiff alleges that a "Medical Contractor" failed to provide him with "Nitro" after his bypass surgery. This "Medical Contractor," however, is not named as a party to this action, and even if he was, Plaintiff has not adequately identified this party so that he may be served. See Moulds v. Bullard, 2009 WL 2488182 (11th Cir. Aug. 17, 2009); Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir.1992). Therefore, because this alleged denial does not appear to involve any of the named Defendants, these allegations do not support a claim.

Any claim against Defendant Stevenson arising solely out of her alleged verbal "threat" on Plaintiff's life also fails. The Constitution does not generally protect inmates against "[f]ear or emotional injury which results solely from verbal harassment or idle threats." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Thus, an allegation of "verbal abuse alone is insufficient to state a constitutional claim." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008); see also Edwards v. Gilbert, 867 F.2d 1271, 1274 n. 1 (11th Cir.1989) ("In addition, we note that a petitioner must allege more than that he has been subjected to verbal taunts ... [h]owever distressing in order to make a claim that jailers have violated their duty of protection or deprived the petitioner

of his constitutional rights.") (internal quotation marks and citation omitted); <u>McFadden v. Lucas</u>, 713 F.2d 143, 146 (5th Cir. 1983) ("mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.").

For these reasons it is **RECOMMENDED** that any claim arising out of the alleged denial of "Nitro" medication or against Defendant Stephenson based solely on her alleged "verbal threat" be **DISMISSED** for failure to state a claim.  28 U.S.C. § 1915A.

C.  Retaliation Claims against Defendants Moody, Seleska, Stephenson, and Fields

Plaintiff has also failed to state retaliation claims against Defendants Moody, Seleska, Stephenson, and Fields.   Of course, under the First Amendment, a prison official may not retaliate against an inmate for exercising the right of free speech.  <u>Farrow v. West</u>, 320 F.3d 1235, 1248 (11th Cir.2003).  A prisoner may thus state an actionable retaliation claim by alleging (1) that his act was constitutionally protected, (2) that the retaliatory conduct adversely affected the protected speech, and (3) that there was a causal connection between the retaliatory actions and the adverse effect on speech. <u>Bennett v. Hendrix</u>, 423 F.3d 1247, 1250 (11th Cir.2005).

In this case, Plaintiff's prior lawsuit challenging the conditions of his confinement was undoubtedly "constitutionally protected" speech.  Even so, Plaintiff's Complaint fails to allege any facts suggesting either that Defendants' alleged conduct adversely affected his protected speech or that there exists any causal connection between Defendants' conduct and Plaintiff's prior lawsuit. Indeed, Plaintiff fails to allege any facts suggesting the Defendants acted in response to his prior unsuccessful lawsuit.  There is not even a temporal proximity between Defendants' alleged conduct and Plaintiff's protected speech.  Plaintiff's prior lawsuit was filed in 2007 and dismissed in early 2009.  The alleged acts by Defendants in this case all occurred more than a year later, in mid-2010, 2011, and 2012.  <u>See</u> <u>Akins v. Perdue</u>, 204 F. App'x 839, 843 (11th Cir. 2006) (concluding that prisoner failed to state a retaliation claim where complaint failed to allege a suspect chronology and exhibits did not suggest that speech motivated the challenged decisions). What is more, Plaintiff provides no reason to believe that either Defendant Seleska or Stephenson ever knew of the prior

lawsuit.  It appears that only Defendants Moody and Fields were named in the prior action.[1]

It is therefore **RECOMMENDED** that any retaliation claims against Defendants Moody, Seleska, Stephenson, and Fields be **DISMISSED** for failure to state a claim. See § 1915A(b)(1).

D.  Conspiracy Claims against Defendants Moody, Seleska, Stephenson, and Fields

Plaintiff has likewise failed to state a claim for civil conspiracy against these Defendants. A complaint sufficiently alleges a conspiracy when there are allegations that the defendants reached an agreement or understanding to violate the plaintiff's constitutional rights. Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002).   In so doing, the plaintiff need not describe a "smoking gun" establishing the conspiracy; however, he does need to allege at least "some evidence of agreement between the defendants." Id. at 1283–84.

Here, Plaintiff's Complaint fails to allege any facts suggesting that Defendants reached an "agreement," either explicit or implicit, to retaliate against Plaintiff because of his prior lawsuit.  It is thus **RECOMMENDED** that Plaintiff's conspiracy claims against Defendants Moody, Seleska, Stephenson, and Fields be **DISMISSED** for failure to state a claim. See 28 U.S.C. § 1915A(b)(1).

E.  Retaliation &/or Conspiracy Claims against Defendants Morris and Johnson

To the extent Plaintiff has attempted to state either a retaliation and/or conspiracy claim against Defendants Morris and Johnson, he has also failed.  As discussed above, a retaliation claim requires there be some allegation showing a causal connection between the retaliatory actions and the defendants' conduct. See Bennett, 423 F.3d at 1250.  There is no such causal connection alleged here.  Though Plaintiff claims that he filed an informal grievance against a "high ranking state official" prior to Officer Johnson's issuance of disciplinary report and the disciplinary action ordered by Unit Manager Morris, there is no allegation suggesting that either action was motivated by Plaintiff's filing of the grievance.  In fact, the Complaint fails to allege how these Defendants were

---

[1] Though not described in Plaintiff's Complaint, the undersigned may take judicial notice of orders entered in prior cases. Plaintiff's prior lawsuit, Ellis v. Hart, 7:07-cv-00011-HL-RLH (M.D. Ga.), included claims of inadequate medical care against Dr. Moody and Nurse Supervisor Fields.  See id. (summary judgment granted in favor of defendants on March 19, 2009).

even aware of the grievance, which apparently involved actions by some "high ranking state officials," and not these Defendants.

Moreover, according to Plaintiff's Complaint, the informal grievance was filed on June 3, 2010 (Compl. at 8) and the disciplinary report was issued either on June 20, 2010 or May 20, 2012 (Id. at 6, 8).  If the report was issued on June 20, 2010, Plaintiff's claim would be barred by the two-year statute of limitations applicable to § 1983 actions filed in Georgia, see Williams v. City of Atlanta, 794 F.2d 624 (11th Cir. 1986), as Plaintiff's Complaint was apparently not delivered to prison officials for mailing until sometime after June 26, 2012 and was not filed in this Court until July 2, 2012.  See Attachment to Compl.[ECF No. 1-2] (dated June 26, 2012); Day v. Hall, 528 F.3d 1315 (11th Cir. 2008) ("Under the mailbox rule, . . . a prisoner's pleading is considered filed on the date the prisoner delivers such to prison authorities for filing.").  Of course, if the disciplinary action was not taken until May 20, 2012, it would not be time barred.  However, if this is the case, Plaintiff's Complaint clearly fails to allege a suspect chronology in support of a retaliation claim: The alleged action would have been taken nearly two years after the grievance was filed.  See Akins, 204 F. App'x at 843.  Thus, without some allegation demonstrating an intent to retaliate, Plaintiff has not shown that he could possibly support a retaliation claim against these Defendants.

As with the claims against the other Defendants, Plaintiff has also failed to sufficiently allege that Defendants Morris and Johnson reached an agreement or understanding to violate Plaintiff's constitutional rights so as to support a conspiracy claim. See Rowe, 279 F.3d at 1283.  The mere fact that the two Defendants may  somehow be related is not sufficient, without more, to support a claim of conspiracy to retaliate.

For these reasons, it is **RECOMMENDED** that any retaliation and/or conspiracy claims against Defendants Morris and Johnson be **DISMISSED** for failure to state a claim. See 28 U.S.C. § 1915A(b)(1).

F. Fourteenth Amendment Due Process Claim against Defendant Johnson

In his Complaint, Plaintiff alleges that Defendant Johnson issued him a "false" disciplinary report.  For the reasons discussed above, this claim may time barred.  However, even assuming this

8

occurred in May of 2012 (and is thus not time barred), "[t]he filing of false disciplinary charges against an inmate does not alone amount to a constitutional violation." Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989); see also Freeman v. Rideout, 808 F.2d 949, 951-53 (2d Cir.1986), cert. denied, 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988).  The Constitution requires only that Plaintiff be afforded due process at an institutional hearing, which is the prisoner's opportunity to expose any falsities or inaccuracies. Freeman, 808 F.2d at 952;  Mimms v. U.N.I.C.O.R., 386 Fed. Appx. 32, 36 (3rd Cir. 2010) ("The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges.").

According to the Complaint, Plaintiff was in fact provided a disciplinary hearing in regard to Officer Johnson's disciplinary report and was thereafter found guilty of the offense and given fourteen days in isolation.  (Compl. at 8).  Plaintiff has thus failed to allege facts suggesting that he could support a due process claim against Defendant Johnson.  It is thus **RECOMMENDED** that any such claim be **DISMISSED** for failure to state a claim.  See 28 U.S.C. § 1915A(b)(1).

G. Eighth Amendment claim against Defendant Morris

Though is unclear whether Plaintiff intended to state an additional Eighth Amendment "conditions of confinement" claim against Defendant Morris, he does allege in some detail that, as a result of the disciplinary report issued by Defendant Johnson, Defendant Morris caused him to be "placed in a hide away cage" for eight hours in extreme heat without food and water."  Generally, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir.2004) (quotations omitted).  Thus, to prevail on a condition of confinement claim, a plaintiff must demonstrate that (1) the conditions of which he complains are, from an objective standpoint, "sufficiently serious"; and (2) prison officials "acted with a sufficiently culpable state of mind with regard to the conditions at issue." Id.

Plaintiff's allegations about being placed in a so-called "hide away cage" under such circumstances may support such a claim for relief under 42 U.S.C. § 1983.  This claim against Defendant Morris should accordingly be allowed to go forward for additional factual development.

H. Claims for Injunctive Relief

Finally, in addition to his request for money damages, Plaintiff seeks injunctive relief in the form of a court order that (1) bans Defendants from holding any position with the State or demotes them to the lowest level, (2) finds Defendants guilty of criminal charges, and (3) transfers Plaintiff to a lower security level prison.  These types of equitable remedies are not  available.  The Court does not have jurisdiction or authority to terminate Defendants' state employment, to institute criminal proceedings, or to direct Plaintiff's transfer to a lower security prison.  See e.g., Bush v. Camp, 2011 WL 2457909 at * 2 (M.D. Ga. May 23, 2011) ("This Court . . . has no authority to order that the Defendants be fired."); Bennett v. Hall, 2010 WL 4024006 at *2 (M.D. Ga. Sept. 13, 2010) ("[T]he Court has no jurisdiction to institute criminal proceedings."); Townsend v. Palmer, 2012 WL 2155296 at * 3 (N.D. Fla. June 12, 2012) ("The Court has no authority to order the FDOC to transfer Plaintiff to a specific institution . . .").

It is thus **RECOMMENDED** that Plaintiff's claims for  injunctive relief be **DISMISSED**. See 28 U.S.C. § 1915A(b)(1).

**CONCLUSION**

Therefore, having now conducted a preliminary review of Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915A(a), the undersigned finds that the allegations, when read in a light most favorable to the Plaintiff and liberally construed in his favor, may support a claim for relief against Defendants Moody, Seleska, Stephenson, Fields, and Morris under 42 U.S.C. § 1983.   It is thus **ORDERED** that service be made on these 5 Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the PLRA.  Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

However, it is **RECOMMENDED** that all other claims and Defendants be **DISMISSED** from this action, without prejudice, for failure to state a claim.  See 28 U.S.C. §1915A(b)(1). Plaintiff may serve and file written objections to this Recommendation with the district judge to

whom this case is assigned within fourteen (14) days after being served a copy of this Order.  28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed

on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: <u>except with written permission of the court first obtained,</u> INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In

addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

       **SO ORDERED**, this 13th day of September, 2012.

                 *s/THOMAS Q. LANGSTAFF*
                 UNITED STATES MAGISTRATE JUDGE

jlr