**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

JEROME ELLIS,                                    :
                                                 :
    Plaintiff,               :
                                                 :
VS.                                              :  7 : 12-CV-85 (HL)
                                                 :
DR. MOODY, *et al.,*                             :
                                                 :
    Defendants.              :
_____:

**ORDER AND RECOMMENDATION**

  Presently pending in this *pro se* prisoner action brought pursuant to 42 U.S.C. § 1983 are

Defendants' Motion to Dismiss, and several miscellaneous motions filed by Plaintiff. (Docs. 19,

27, 33, 38, 39, 41, 44, 45, 49).

**Background**

  Plaintiff filed this action alleging that Defendants Dr. Moody, Nurse Practitioner Seleska,

Nurse Stephenson[1], and Nurse Supervisor B. Fields, all employees of Valdosta State Prison

("VSP"), were deliberately indifferent to Plaintiff's medical needs.   (Doc. 12).   Specifically,

Plaintiff states that Defendant **Moody** stopped providing Plaintiff with his medications for chronic

constipation and pain, unnecessarily delayed treatment for Plaintiff's heart condition for nine

months, allowed Plaintiff to overdose twice, and gave him medication which caused his blood

pressure to rise.   Defendant **Seleksa** allegedly assisted Dr. Moody in administering the

medication that caused Plaintiff's blood pressure to rise, refused to honor Plaintiff's sick call

---

[1] Plaintiff initially named Defendant Nurse **Stevenson** as a Defendant (Doc. 12); however, defense counsel brought a
Motion to Dismiss on behalf of Nurse **Stephenson**.   After receiving Defendants= Motion to Dismiss and supporting
documents, Plaintiff references Defendant Stephenson in place of Defendant Stevenson (*see* Doc. 38).   As both parties
appear to be referring to the same Defendant, the Court will assume the correct Defendant is Defendant Nurse
**Stephenson**.

requests, and falsely claimed that Plaintiff had been given medication that he never received. Plaintiff also maintains that Defendants **Stephenson** and **Fields** prevented Plaintiff from receiving his chronic care medication. Additionally, Plaintiff alleges that Defendant Tony **Morris** placed Plaintiff in a "hide away cage" for eight hours in extreme heat despite a "no heat exposure profile", and he was not given food or water during this time.

### *Motion to Dismiss (Doc. 33)*

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to Astate a claim to relief that is plausible on its face.@ A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct.1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

### Exhaustion of Administrative Remedies

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act ("PLRA") mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative
> remedies is a two-step process. First, the court looks to the factual
> allegations in the defendant=s motion to dismiss and those in the
> plaintiff=s response, and if they conflict, takes the plaintiff=s version of
> facts as true.  If, in that light, the defendant is entitled to have the
> complaint dismissed for failure to exhaust administrative remedies, it
> must be dismissed. . . . If the complaint is not subject to dismissal at
> the first step, where the plaintiff=s allegations are assumed to be true,
> the court then proceeds to make specific findings in order to resolve
> the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

A review of the factual allegations in Defendants= Motion and Plaintiff=s Responses reveals a conflict.   In Plaintiff=s Responses, Plaintiff appears to maintain that the grievance process was unavailable to him.  (Docs. 38, 41).   Defendants contend that Plaintiff failed to exhaust the administrative remedies available to him regarding the claims alleged in his Complaint. (Doc. 34). Accepting Plaintiff=s allegations as true, Plaintiff=s claims are not subject to dismissal pursuant to the first step of the analysis.   In accordance with the second step, the Court must now make specific findings in order to resolve the disputed factual issues.

Complete administrative exhaustion is a precondition to filing a lawsuit. *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).   "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper." *Woodford*, 548 U.S. at 89-92.   To remedy a prison complaint, Plaintiff is required to complete a three (3) step grievance process consisting of an informal grievance, a formal grievance, and an appeal.   Georgia Dep=t of Corrections SOP IIB05-001 § VI.   Administrative remedies must be exhausted at the time the legal action is brought.   *Goebert v. Lee County*, 510 F.3d 1312, 1324 (11th Cir. 2007).

Defendants contend, and support with an affidavit from Shawn Emmons, the Chief Counselor at VSP, that Plaintiff did not exhaust the administrative remedies regarding the allegations stated in the Complaint. (Doc. 34-1, Emmons Aff.).   The affidavit testimony establishes the presence of a grievance system, and that Plaintiff filed several grievances while housed at VSP.   (*Id.*).   Defendants have provided the Court with copies of the grievances that relate to the allegations contained in the Complaint.   (Docs. 34-1 – 34-4).

The Court notes that Plaintiff filed grievance numbers 66282 and 63985 to complain about racial discrimination and retaliation.   (Doc. 34-3, pp. 1, 11).   Plaintiff also filed grievance number 80163 alleging that he was denied library time, and grievance number 79495 alleging he was denied pill call by non-party Lt. Terrell.   (*Id.* at pp. 20, 41).   As these grievances make no complaint regarding the claims alleged in Plaintiff's Complaint, exhaustion of these grievances is not relevant to the question of whether the claims alleged in Plaintiff's Complaint were properly exhausted.

On July 28, 2010, Plaintiff filed informal grievance number 58394 complaining that Dr. Moody had stopped Plaintiff's chronic care medications.   (Doc. 34-1, p. 34).   When his informal grievance was not resolved, Plaintiff filed a formal grievance and appeal.   (*Id.* at pp. 31, 32). Both the formal grievance and appeal were denied.

Plaintiff filed informal grievance number 59062 on August 4, 2010, wherein he again complained that he was experiencing cruel punishment because Dr. Moody denied Plaintiff his "chronic care laxative".   (*Id.* at p. 47).   His informal grievance was not resolved, and Plaintiff filed a formal grievance. (*Id*. at p. 41).   Plaintiff appealed his formal grievance, and in the appeal, added an allegation that Defendants Moody and Seleska gave Plaintiff medication that caused his

blood pressure to rise.   (*Id.* at p. 39).   Plaintiff's appeal was denied.   (*Id.* at p. 38).

On November 8, 2010, Plaintiff filed informal grievance number 69290 alleging that Defendant Seleska refused to honor a sick call request. (Doc. 34-2, p. 11).   The informal grievance was not resolved, and Plaintiff filed a formal grievance which was denied.   (*Id.* at p. 7).   Plaintiff filed an appeal, and added allegations regarding his medications that were not contained in either the informal or formal grievances.   (*Id.* at p. 5).

Plaintiff filed informal grievance number 70658 on November 22, 2010, stating that medical was withholding his medication, and crushing and floating medication when it was not needed. (*Id.* at p. 24).   After the informal grievance was not resolved, Plaintiff filed a formal grievance. (*Id.* at p. 23).   Plaintiff's formal grievance was denied, and Plaintiff was told the issue was not appealable.   (*Id.*).   Plaintiff, however, filed an appeal, which was denied.   (*Id.* at p. 21-22).

In informal grievance number 118042, filed April 30, 2012, Plaintiff complained that he was not receiving medical care for pain in his upper left rib area.   (*Id.* at p. 42).   Plaintiff's informal grievance was not resolved, and Plaintiff filed a formal grievance, which was denied.   (*Id.* at p. 41-42).   Plaintiff filed an appeal, which was also denied.   (*Id.* at p. 39).

Grievance numbers 58394, 59062, 69290, 70658, and 118042 were exhausted because Plaintiff completed all three steps of the grievance process.   Grievance numbers 58394 and 59062 alleged that Defendant Moody stopped providing Plaintiff with his chronic care medications. Grievance number 69290 alleged that Defendant Seleska refused to honor Plaintiff's sick call slip.   As such, Plaintiff has exhausted the administrative remedies available to him regarding these two claims.

While Plaintiff exhausted grievance 59062, Plaintiff did not properly grieve the allegation

that Defendant Moody and Defendant Seleska gave Plaintiff medication that made his blood pressure rise.   In order to properly exhaust administrative remedies, Plaintiff must follow the procedural guidelines in place. *See Woodford*, 548 U.S. at 90 (proper exhaustion requires the plaintiff to comply with procedural rules).   Herein, Plaintiff did not file an informal grievance or a formal grievance complaining that he was given medication that caused his blood pressure to rise. Plaintiff cannot simply assert a new issue at the appeal level of his grievance and then claim that he exhausted that issue.   *See Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005) ("a prisoner who does not properly take each step within the administrative process has failed to exhaust" administrative remedies).   As Plaintiff did not use all steps of the grievance process to grieve his claim that Defendants Moody and Seleska gave him medication that caused his blood pressure to rise, the exhaustion requirement is not satisfied regarding this claim.

The record contains no evidence to show that Plaintiff filed grievances complaining that (1) Defendant Moody allowed Plaintiff to overdose twice; (2) Defendant Moody delayed treatment for Plaintiff's heart condition; (3) Defendant Seleska falsely claimed Plaintiff had been given medication that he never received; (4) Defendant Stephenson prevented Plaintiff from receiving chronic care medication; (5) Defendant Fields prevented Plaintiff from receiving chronic care medication; and (6) Defendant Morris placed Plaintiff in a "hide away cage" for eight hours without food or water.

In his Responses to Defendants' Motion to Dismiss, Plaintiff makes generalized statements that the grievance process was unavailable to him.   (Docs. 38, 41).   The record shows, however, that the grievance process was available to Plaintiff and that Plaintiff successfully exhausted several grievances while housed at VSP.   (*See* Doc. 34-1, Emmons Aff.).   Furthermore, in order

to demonstrate that administrative remedies are unavailable, Plaintiff must point to specific facts showing that officials prohibited or blocked his use of the grievance process. *See Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999). Plaintiff has failed to provide the Court with any specific facts which prohibited Plaintiff from exhausting all administrative remedies. *See Kozuh v. Nichols*, 185 Fed.Appx. 874, 878 (11th Cir. 2006) (finding the plaintiff did not exhaust his administrative remedies when there was no evidence that he was "thwarted from bringing his grievances or that the grievance process was unavailable"; rather, the evidence showed the plaintiff had filed numerous grievances).

The Court finds that Plaintiff has successfully exhausted the following two claims: (1) Defendant Moody stopped providing chronic care medication to Plaintiff; and (2) Defendant Seleska refused to honor Plaintiff's sick call slip. Plaintiff has not exhausted the remaining claims against Defendants. As such, it is the recommendation of the undersigned that the following claims be **DISMISSED**: (1) Defendant Moody allowed Plaintiff to overdose twice; (2) Defendant Moody delayed treatment for Plaintiff's heart condition; (3) Defendant Seleska falsely claimed Plaintiff had been given medication he never received; (4) Defendant Stephenson prevented Plaintiff from receiving chronic care medication; (5) Defendant Fields prevented Plaintiff from receiving chronic care medication; (6) Defendant Morris placed Plaintiff in a "hide away cage" for eight hours without food or water; and (7) Defendants Moody and Seleska gave Plaintiff medication that caused his blood pressure to rise.

**Failure to State a Claim**

Defendants also assert that Plaintiff has failed to state a claim for which relief can be granted as to the remaining claims of deliberate indifference alleged against Defendants Moody

and Seleska.   (Doc. 34).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).   However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.*   The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are wellpleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

"Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain."   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).   In order to show that a prison official acted with deliberate

indifference to a serious medical need, the Plaintiff must establish that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, Plaintiff must show that the medical need poses a substantial risk of serious harm if left unattended.  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).   A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention."  *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994). To establish the subjective element, the Plaintiff must show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence."  *Brown*, 387 F.3d at 1351.

*Defendant Moody*

The remaining claim alleged against Defendant Moody is that he stopped providing Plaintiff with chronic care medications for constipation and pain.   While it is unclear, Plaintiff appears to allege that, in July and August of 2010, Plaintiff was forced to "put in additional sick call request[s]" because Defendant Moody stopped his "chronic care laxatives of fiber liquid antiacid (sic)".   (Doc. 12, p. 5).   Plaintiff states that having to "put in additional sick call request[s]" and the method used to order medicine resulted in "less efficacious treatment".   (*Id.*).

Deliberate indifference entails more than mere negligence, and must be more than a medical judgment call or an inadvertent failure to provide medical care.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Murrell v. Bennett*, 615 F.2d 306, 310 n. 4 (5th Cir. 1980).   An inmate who receives adequate medical care, but disagrees with the mode or amount of treatment has not

established deliberate indifference.  *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1507 (11th Cir. 1991).   Medical negligence, medical malpractice, or disagreements over the method of treatment are not sufficient to state a claim of deliberate indifference.  *Simpson v. Holder*, 200 Fed. Appx. 836, 839 (11th Cir. 2006); *see also Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("a simple difference in medical opinion" does not constitute deliberate indifference).   It appears Plaintiff disagrees with only the method of treatment provide by Defendant Moody.   (*See* Doc. 12).   As Plaintiff alleges only that the method he was required to use to obtain his laxatives was less effective than "chronic care", Plaintiff has failed to state a claim for deliberate indifference against Defendant Moody.

*Defendant Seleska*

The only remaining claim alleged against Defendant Seleska is that she refused to honor Plaintiff's sick call request, which resulted in a delay in Plaintiff receiving Neurotin.   (Doc. 12). Plaintiff has failed to provide any factual allegations to support this claim.   Plaintiff has provided a one sentence allegation that he went four days without Neurotin because Defendant Seleska did not honor a sick call request.   There is no allegation that this caused a serious risk of harm, or that Defendant Seleska was aware that a delay in receiving medication would result in a serious risk of harm to Plaintiff.   Further, it is unclear if Plaintiff's sick call slip requested the desired medication.   At most, the Complaint alleges a conclusory, "the defendant harmed me" statement regarding Defendant Seleska's alleged refusal to honor a sick call slip.   As the Complaint fails to allege facts that create a cause of action regarding the claim that Defendant Seleska refused to honor Plaintiff's sick call slip, Plaintiff has failed to state a claim of deliberate indifference against Defendant Seleska.  *See Iqbal*, 129 S.Ct. at 1949 (a complaint does not suffice "if it tenders

naked assertions devoid of further factual enhancement❞ (internal quotations omitted)).

## Conclusion

The undersigned finds that Plaintiff has failed to exhaust the administrative remedies available to him regarding the following claims: (1) Defendant Moody allowed Plaintiff to overdose twice; (2) Defendant Moody delayed treatment for Plaintiff's heart condition; (3) Defendant Seleska falsely claimed Plaintiff had been given medication he never received; (4) Defendant Stephenson prevented Plaintiff from receiving chronic care medication; (5) Defendant Fields prevented Plaintiff from receiving chronic care medication; (6) Defendant Morris placed Plaintiff in a "hide away cage" for eight hours without food or water; and (7) Defendants Moody and Seleska gave Plaintiff medication that caused his blood pressure to rise.   The undersigned also finds that Plaintiff has failed to state a claim as to the allegations that (1) Defendant Moody stopped providing chronic care medication to Plaintiff, and (2) Defendant Seleska refused to honor Plaintiff's sick call slip.

As Plaintiff has either failed to exhaust the administrative remedies available to him or failed to state a claim regarding all the allegations contained in the Complaint, it is the recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**Miscellaneous Motions**

*Motion of Voluntary Dismissal (Doc. 27)*

Plaintiff filed a Motion of Voluntary Dismissal with Prejudice on November 19, 2012, requesting the case be dismissed with prejudice because Defendants have violated Plaintiff's constitutional rights.   Plaintiff also attached an "Affidavit", in which he appears to reassert the allegations contained in his Complaint.   While the Motion heading seeks voluntary dismissal, the content does not and Plaintiff has continued to prosecute this action.   As it does not appear Plaintiff seeks to have his case dismissed, Plaintiff's Motion for Voluntary Dismissal is **DENIED as moot**.

*Motion of Immediate Order (Doc. 19)*

Plaintiff has filed a Motion requesting relief pursuant to Federal Rules of Civil Procedure 65.1 and 65.2, wherein he appears to complain of ineffective medical treatment, that he could be framed with contraband, and that his medicine is being mixed with Kool Aid.   The only relief Plaintiff appears to request is a transfer to a lower level security prison.

Rule 65.1 is focused on proceedings against a surety.   Fed. R. Civ. P. 65.1.   It does not apply to Plaintiff's case.   Additionally, there is no Federal Rule of Civil Procedure 65.2.   As Plaintiff has not adequately explained the relief he seeks, this Motion is **DENIED**.

To the extent Plaintiff requests a transfer to a prison with a lower security level, this request is denied.   "Numerous courts have held that it is the responsibility of the Attorney General and not the courts to designate the placement of a prisoner."   *Falcon v. Knowles*, 807 F.Supp. 1531, 1533 (S.D. Fla., Oct. 22, 1992); *see Meachum v. Fano*, 427 U.S. 215, 229 (1976).    As the "federal courts do not sit to supervise state prisons," Plaintiff's Motion for Immediate

Order is **DENIED.**

***Discovery Motions (Docs. 38-1, 38-3, 39)***

On January 15, 2013, Plaintiff filed a Motion of Leave for Oral Examination requesting Court permission to depose all Defendants.   (Doc. 38-1).   Plaintiff does not need the permission of the Court to depose Defendants.   *See* Fed. R. Civ. P. 30(a).   However, all discovery must comply with the Court's Order staying discovery.   (*See* Doc. 36).   Accordingly, Plaintiff's Motion of Leave for Oral Examination (Doc. 38-1) is **DENIED as moot**.

Plaintiff also filed an Application of Request for Funds for Oral Examination.   (Doc. 38-3).  Plaintiff has not provided any information as to why he needs to take Defendants' depositions at this stage in the proceedings.   Further, Plaintiff "is not entitled to public funding to defray the costs of depositions."   *Doye v. Colvin*, 2009 WL 764980 (S.D. Ga., March 23, 2009); *see also Doe v. U.S.*, 112 F.R.D. 183, 184 (S.D.N.Y. 1986) ("the *in forma pauperis* statute [does not] require the Government to advance funds for deposition expenses").   Accordingly, Plaintiff's Application of Request for Funds for Oral Examination (Doc. 38-3) is **DENIED**.

Plaintiff filed a Motion requesting the Court "have subpoenas served" on Defendants. (Doc. 39).   Discovery has been temporarily stayed in this case, except discovery as to Plaintiff's exhaustion of administrative remedies.   (*See* Doc. 36).   It appears Plaintiff is attempting to engage in general discovery, which violates the Court's temporary stay of discovery.   Further, Plaintiff does not state why he needs subpoenas issued, or if the subpoenas serve any relevant purpose.   Plaintiff is responsible for investigating and prosecuting his case; it is not the Court's responsibility to conduct discovery for Plaintiff.   As such, Plaintiff's Motion requesting

subpoenas be served on all Defendants (Doc. 39) is **DENIED**.

Plaintiff filed a Motion for Deposition on February 11, 2013, however in this "Motion" Plaintiff does not appear to seek any relief from the Court.   (Doc. 41).   Rather, the filing appears to be a second Response to Defendants' Motion to Dismiss, and a reiteration of the allegations contained in the Complaint.   As this Motion presents nothing on which the Court can rule, Plaintiff's Motion for Deposition (Doc. 41) is **DENIED as moot.**

### *Motions Regarding Trial (Docs. 44, 44-2, 49)*

On March 11, 2013, Plaintiff filed a Motion of Demand for Jury Trial.   (Doc. 44).   Plaintiff also filed a Motion to Suppress, which appears to be a Motion requesting a jury trial. (Doc. 44-2).   On May 21, 2013, Plaintiff filed a Motion in which he appears to request that a trial be held to determine if Plaintiff can use "original records".   (Doc. 49).   If this case proceeds to trial, the district judge assigned to this case will determine any pretrial evidentiary issues and will determine if a jury trial is appropriate.   Accordingly, Plaintiff's Motion of Demand for Jury Trial (Doc. 44), Motion to Suppress (Doc. 44-2), and Motion requesting that a trial be held (Doc. 49) are **DENIED** at this time.

### *Motion for Joinder of Parties (Docs. 44-1, 45)*

Plaintiff filed a Motion for Joinder of Parties (Doc. 44-1), and a Supplemental Motion for Joinder of Parties (Doc. 45) in March of 2013.   In these Motions, Plaintiff requests the Court add S. Johnson as a party to this action.   Plaintiff alleges that S. Johnson wrote a false "D.R. misbehavior report and subjected [Plaintiff] to be placed in a hide away cage[.]"   Plaintiff alleged this same claim in his Recast Complaint.   (Doc. 12).   In its Initial Review, the Court found that

Plaintiff had failed to state a claim regarding S. Johnson and recommended dismissal of this claim. (Doc. 13).   The district judge assigned to this case adopted the Recommendation on October 18, 2012, resulting in the dismissal of S. Johnson.   (Doc. 23).

Plaintiff has provided no new factual allegations to support his claim against S. Johnson. Plaintiff cannot now move to "rejoin" S. Johnson in an attempt to circumvent the Court's previous order.   As the Court has already determined that Plaintiff has failed to state a claim against S. Johnson, his Motion for Joinder of Parties and Supplemental Motion for Joinder of Parties are **DENIED**.

*Motion for Appointment of Counsel (Doc. 44-3)*

Plaintiff filed an "Affidavit" on March 11, 2013, in which he requests appointment of counsel.   (Doc. 44-3, p. 3).   Generally speaking, no right to counsel exists in § 1983 actions. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).   Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor,* 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented.   *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).   Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by Plaintiff without the assistance of Court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by Plaintiff.   The Court on its own

motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, Plaintiff's Motion requesting appointment of counsel is **DENIED**.

*Motion to Strike (Doc. 49)*

Plaintiff filed a Motion to Strike on May 21, 2013.   In the Motion, Plaintiff requests the Court "strike the testimonies of all defendants" because Plaintiff was not present to orally examine Defendants.   Plaintiff does not contend that he has attempted to depose Defendants and, as discovery has been stayed in this action, Plaintiff cannot conduct discovery beyond the matter of exhaustion of administrative remedies.   It does not appear that any depositions are contained in the record, or that Defendants have refused to submit to any allowable depositions.   As such, Plaintiff's Motion to Strike is **DENIED.**

**SO ORDERED AND RECOMMENDED**, this 30th day of May, 2013.

s/ ***THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**

llf