IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

JEROME ELLIS,

    Plaintiff,

v.

Warden WILLIAM DANFORTH, et al.,

    Defendants.

Civil Action No. 7:12-CV-85 (HL)

**ORDER**

Before the Court are Plaintiff's Motion for Reconsideration (Doc. 54) and Motion for Extension of Time to File (Doc. 63). The motion for reconsideration is denied, but the motion for extension of time is granted. Although Plaintiff has filed a notice of appeal, this Court retains jurisdiction to review and deny his motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b). *See* Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003). Under Federal Rule of Appellate Procedure 4(a)(5), this Court has jurisdiction to review Plaintiff's motion for an extension of time.

Plaintiff's motion for reconsideration fails to state grounds upon which this Court could provide the relief he seeks. Although poorly phrased, the motion appears to plead excusable neglect for the untimely filing of Plaintiff's Objection (Doc. 53) to the Order and Recommendation of the Magistrate Judge (Doc. 50) dismissing Plaintiff's suit. Plaintiff failed to file an objection within the time

specified by the magistrate judge, and he only filed an objection two days after this Court adopted the recommendation of the magistrate judge and entered final judgment in this case. Now, Plaintiff claims his objection was untimely due to his being "forced to choose between access to law library or [sic] medical [care]." (Doc. 54, p. 1). Under Rule 60(b)(1), excusable neglect could be proper grounds for a district court to reconsider a final judgment, but Plaintiff would still not be entitled to relief even if his untimely objection to the magistrate judge's recommendation is considered.

The only relevant argument the Court can decipher from the mishmash of run-on phrases and irrelevant legal citations in Plaintiff's objection to the recommendation does not convince the Court to reconsider its earlier adoption of the recommendation. The magistrate judge recommended the dismissal of Plaintiff's suit alleging inadequate medical care in part because he had failed to exhaust the administrative remedies available to him at Valdosta State Prison. Specifically, Plaintiff failed to exhaust the grievance process for the incidents alleged in his complaint. (Doc. 50, p. 7). In his objection, Plaintiff contends a "prisoner cannot complete grievance procedures when the institution kept prisoner in ignorance of the procedure." (Doc. 53, p. 1). However, this assertion is flatly contradicted by the evidence provided by Defendants that Plaintiff was aware of the grievance process and had utilized it on multiple prior occasions.

(See Affidavit of Shawn Emmons with attachments, Doc. 34-1). Thus, even were the untimeliness of Plaintiff's objection to the recommendation the result of excusable neglect, his motion for reconsideration must still be denied.

Plaintiff's plea of excusable neglect is more useful for his motion for an extension of time in which to file an appeal. In light of Plaintiff's status as a *pro se* party, the constraints imposed on a prisoner such as Plaintiff, and his claim of being obliged to choose between receiving medical care and having access to a law library, the Court finds there was excusable neglect for Plaintiff's failure to file a notice of appeal within thirty days of the final entry of judgment. Plaintiff's motion for an extension of time is granted.

**SO ORDERED**, this the 4th day of November, 2013.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

scr